## Unemployment Payments to Public Employes

KANE, *Attorney General,* ROVELLI, *Deputy Attorney General,* and YAKOWICZ, *Solicitor General,* March 20, 1978—You have requested our opinion as to whether political subdivisions of the Commonwealth which have elected to make payments to the Unemployment Compensation Fund on a reimbursement basis are entitled to relief from charges for benefits paid to former employes who voluntarily left work without good cause or who were dismissed for willful misconduct. As explained in this opinion, the answer to your question varies depending upon the circumstances under which the former employe has received benefits.

The obligation of political subdivisions to pay unemployment compensation charges is governed by article XII of the Unemployment Compensation Law of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §751 et seq.; Art. XII added September 27, 1971, P.L. 486, 43 P.S. §§911-914. Article XII was amended by the Act of July 6, 1977, P.L. 41, in order to bring Pennsylvania's law into conformity with requirements of the Federal Unemployment Compensation Amendments of October 20, 1976, 90 Stat. 2667.

Pursuant to section 1202.1 of the Unemployment Compensation Law, 43 P.S. §912.1, a political subdivision is liable for contributions to the Unemployment Compensation Fund unless the political subdivision elects to pay on a reimbursement basis.

Section 1202.2(a), 43 P.S. §912.2(a), provides that:

"Any political subdivision of the Commonwealth or any instrumentality of one or more thereof, which on or after January 1, 1978 and prior to January 1, 1979 is or becomes liable to the contribution provisions of the act may, in lieu of payment of such contributions, elect to pay to the department for the Unemployment Compensation Fund, an amount equal to the amount of regular benefits and of one-half of the extended benefits paid, (after December 31, 1978 the full amount of extended benefits paid) that is attributable to service in the employ of such political subdivision of the Commonwealth or any instrumentality of one or more thereof. Such employer shall continue to be liable for reimbursement of benefit payments based on wages paid prior to the termination date of such election."

The method by which reimbursement payments are to be made is specified in section 1202.4, 43 P.S. §912.4, which provides, in subsection (a), that:

"At the end of each calendar quarter or at the end of any other period as determined by the department, the department shall bill each political subdivision of the Commonwealth or any instrumentality of any one or more thereof (or group of political entities) which has elected to make payments in lieu of contributions for the amount of benefits charged to its account during such quarter or other prescribed period that is attributable to service in the employ of such organization."

In our opinion, sections 1202.2(a) and 1202.4(a) obligate a political subdivision to reimburse the Unemployment Compensation Fund only for bene-

fits paid to eligible claimants. If a political subdivision successfully challenges a claimant's eligibility through the administrative or judicial appeals allowed under the law, the political subdivision is not liable for any benefits paid to the ineligible claimant during the pendency of the appeal. This conclusion is supported by section 1202.4(b), 43 P.S. §912.4(b), which provides that: "Payment of any bill rendered under subsection (a) shall be made not later than thirty days after such bill was mailed to the last known address of the political subdivision or any instrumentality of any one or more thereof, or was otherwise delivered to it, unless there has been an application for review and redetermination under section 301."

One of the considerations in a review and redetermination under section 301(e)(1), 43 P.S. §781(e)(1), is whether the employer has successfully contested a claimant's eligibility for benefits. Since contributing employers successful in such challenges are exempt from charges for benefits paid during the pendency of the appeal, it follows by virtue of the reference in section 1202.4(b) to section 301 that political subdivisions electing to pay on a reimbursement basis are also exempt from such charges.

While a political subdivision electing to pay on a reimbursement basis is treated the same as a contributing employer with respect to relief from charges for benefits paid to ineligible claimants, a political subdivision electing to pay on a reimbursement basis is not treated the same as a contributing employer with respect to relief from charges for benefits paid to claimants who reestablish eligibility under section 401(f), 43 P.S. §801(f), and thereafter receive benefits based in

part on wages earned in the employ of the political subdivision.

A contributing employer is entitled, under section 302(a), 43 P.S. §782(a), to relief from charges for benefits paid to claimants who, by reason of their discharge for willful misconduct or their leaving without good cause, were not eligible for benefits upon separation from employment with such employer, but who reestablished eligibility pursuant to section 401(f) and thereafter received benefits based in part on wages earned in the employ of such employer. A political subdivision is not entitled, however, to the same relief from charges as section 1203, 43 P.S. §913, subjects political subdivisions to the provisions of section 1108, 43 P.S. §908; section 1108 renders employers electing to pay on a reimbursement basis proportionally liable for benefits paid to claimants who reestablish eligibility and thereafter receive benefits based in part on wages earned in the employ of the reimbursing employer, and no provision of the law relieves reimbursing employers of such liability.

In summary, it is our opinion, and you are so advised, that a political subdivision which has elected to reimburse the Unemployment Compensation Fund is entitled to relief from charges for benefits paid to ineligible claimants, but is not entitled to relief from charges for benefits paid to claimants who reestablish eligibility and thereafter receive benefits based in part on wages earned in the employ of the political subdivision.[1]

---

1. See 1978 Op. Atty. Gen. No. 1, 8 Pa. Bull. 330 (1978), reaching the same conclusions with respect to nonprofit organizations under Article XI of the Unemployment Compensation Law, 43 P.S. §§901-910.